IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:

JOHN H. ALPERS, JR.,

    Plaintiff,

vs.

TOWN OF ERIE, a township;
JOHN HALL, Chief of Police for the Town of Erie;
SERGEANT REX BROWN, Police Officer for the Town of Erie; and
OFFICER PHIL LUKENS, Police Officer for the Town of Erie.

    Defendants.

## VERIFIED COMPLAINT

PLAINTIFF, JOHN H. ALPERS, JR., by and through counsel W. Harold Flowers, Jr. of Hurth, Sisk & Blakemore, LLP, for his complaint against Defendants, states as follows:

### INTRODUCTION

This is an action seeking damages for violations by Defendants of rights guaranteed to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article II, § 3, 6 and 7 of the Colorado Constitution, and 42 U.S.C. § 1981, 1982, 1983 and 1985. Plaintiff also seeks damages for injuries, including physical injuries and emotional distress, humiliation and embarrassment, caused by the assault, false arrest and false imprisonment, all in violation of Colorado law, and further seeks attorneys' fees pursuant to 42 U.S.C. § 1988.

## JURISDICTION

1. This Court has jurisdiction of Plaintiff's federal claims for relief under 28 U.S.C. § 1331, 1343, and 42 U.S.C. § 1981, 1982, 1983, 1985 and 1988. Pendent jurisdiction over claims asserted under the common law and constitution of the State of Colorado is established under 28 U.S.C. § 1331.

## GENERAL ALLEGATIONS

2. Plaintiff John H. Alpers, Jr. is an individual who, at all times relevant hereto, and on the date of the actions alleged herein, was a citizen of the United States of America and was a resident of the State of Colorado. On the date of the actions from which this claim arises, Mr. Alpers was 69 years old.

3. Defendant Town of Erie and John Hall, the Chief of Police, are the law enforcement authority in the City of Erie. The Town of Erie and Defendant John Hall are persons within the meaning of 42 U.S.C. § 1983.

4. Defendant John Hall, the Chief of Police for the Town of Erie, was appointed by the Erie Board of Trustees and the Mayor and the Administrator of the Town of Erie after conference. His duties include primary authority and responsibility for implementing and enforcing the policies and procedures of the Police Department of the Town of Erie. He is required to supervise the police officers for the Town of Erie in carrying out their activities in a manner which safeguards the rights of all persons protected by the United States Constitution, the Colorado Constitution, and all other federal and state law. Plaintiff sues Defendant John Hall in his capacity as Chief of Police for the Town of Erie.

5. Defendants Sgt. Rex Brown and Off. Phil Lukens are police officers of the Town of Erie. Upon information and belief, Plaintiff alleges that Defendants Brown and Lukens are legally responsible for the events and happenings hereinafter referred to and thereby proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

6. Defendants Brown and Lukens are males. They are required to perform their duties as police officers of the Town of Erie in a manner to safeguard federal and state law. Defendants were acting within the course, scope and authority of their employment with the Town of Erie and the Town of Erie Police Department when committing the wrongful acts alleged in this Complaint. All of said individual defendants are persons within the meaning of 42 U.S.C. § 1983. Plaintiff sues these defendants both in their individual capacities and in their official capacities as police officers commissioned by the Police Department of the Town of Erie.

7. Defendant Town of Erie is a municipality organized and existing under and by virtue of the laws of the State of Colorado as a township. The Town of Erie, both at the time of the events herein and now, exercises and exercised final supervisory authority over the Police Department of the Town of Erie and of the involved Boulder County Sheriff's Deputy Kelly Pohl pursuant to §29-5-103, 29-5-104, and 29-5-108, C.R.S. as amended, as a temporary officer assigned at the request of the Erie Police Department for temporary duty in a temporary assignment to assist in the apprehension of a possible suspect. Defendant Town of Erie is required to operate its police department in a manner which protects the civil rights of all

individuals according to federal and state, law, and is a person within the meaning of 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

8. On May 24, 2009 at the approximate time of 10:15 p.m. the Erie Police Department was notified of an altercation or fight at the approximate location of the Coal Creek Park at 575 Kattell Street in Erie, Colorado, at which time Sgt. Rex Brown was the senior officer of the Erie Police Department on patrol.

9. Officer Phil Lukens of the Erie Police Department heard this report and that a male subject had threatened "people with a stick" and possibly had assaulted them with the weapon in Coal Creek Park.

10. Corporal Haefele of the Erie Police Department contacted Officer Lukens and advised that "people were scattering south" from that location in Coal Creek Park.

11. Officer Lukens proceeded to the alley "in the 300 block" between Kattell Street and Briggs Street where he contacted the "RP," or reporting party, an individual named Matthew Dana Roberts.

12. Mr. Roberts described the alleged assailant as a Hispanic male in a black jacket and tan shorts, who had fled.

13. Officer Lukens waited until he was contacted by Deputy Kelly Pohl of the Boulder County Sheriff's Office whose assistance and involvement was requested by the superior officer involved, reputedly Sgt. Rex Brown who asserted that he was in charge of the operations, and when Deputy Pohl arrived with K-9 unit "Fergie," Officer Lukens and Deputy Pohl purportedly "pursued a track."

14. Officer Lukens and Deputy Pohl and the K-9 Unit purportedly "continued on this track" until they "were in the alley between Pierce and Briggs," in the "400 block," presumably at the direction and under the supervision of Sgt. Rex Brown.

15. At that time and in that place they allegedly observed an individual in that alley "north of us in the 500 block a male in a black shirt and tan shorts."

16. They allegedly "lit him up" with their flashlights, at which time Deputy Pohl allegedly yelled at him to stop or she would release her dog.

17. This individual allegedly began to walk south in the alley toward Officer Lukens and Deputy Pohl as they approached.

18. The individual then allegedly turned around and proceeded north away from Officer Lukens and Deputy Pohl.

19. At this point, it is alleged that Officer Lukens told the individual to stop and stated that they were the police, although they were approximately one block apart.

20. There is no allegation that Officer Lukens or Deputy Pohl observed any illegal activities, or any illegal activity by this individual that they observed in the alley, nor did they have any reasonable articulable suspicion that an illegal activity had occurred in their presence, or in the immediate vicinity of this individual, nor did they have probable cause to believe that any criminal activity had occurred, was occurring or was about to occur.

21. Officer Lukens and Deputy Pohl allege that this individual, identified as the Plaintiff, John Alpers, "ran" east.

22. Defendant Lukens then allegedly ran to Briggs Street while Defendant Pohl continued north in the alley.

23. Defendant Lukens then heard Deputy Pohl screaming, and he proceeded toward her voice.

24. At that point, Defendant Lukens found "an elderly male, John Alpers, clinging to his small dog 'Murray' with his hands and knees in a large mud puddle."

25. According to Defendant Off. Lukens, purportedly Defendant "Deputy Pohl's dog was locked onto the dog biting it."

26. Allegedly, Deputy Pohl was "telling John to quit pulling his dog so she could get her dog to release."

27. Deputy Pohl's K-9 Unit Fergie repeatedly bit Plaintiff's dog and Plaintiff causing injuries to both Plaintiff's dog and Plaintiff.

28. At that time, Defendant Sgt. Rex Brown of the Town of Erie Police Department arrived at this location and appeared to assume direct control and supervisory authority, at which time Plaintiff John Alpers asked what was going on and who was in charge.

29. At that time, Defendant Rex Brown responded angrily stating that he was in charge and suggesting and/or stating that Plaintiff John Alpers was a criminal suspect and had behaved improperly and therefore had precipitated the attack by the K-9 Unit upon himself and his dog.

30. Defendant Lukens observed that Plaintiff John Alpers had sustained injuries and requested that an ambulance respond to their location.

31. Plaintiff was placed in the ambulance and was transported to the Good Samaritan Hospital where he was treated and released.

32. On June 30, 2009, by registered mail, return receipt received, Plaintiff served written claim notice by letter dated June 29, 2009 upon Defendants Town of Erie, its police department and chief, its trustees and mayor, and its attorney, pursuant to C.R.S. § 24-10-109.

33. The Town of Erie, its police department and chief, its trustees and mayor, and its attorney have never responded to said notice of claim.

34. The detention, seizure, assault upon, and injuring of the Plaintiff and his dog without any reasonable and articulable suspicion that criminal activity had occurred, was occurring or about to occur and that this Plaintiff was or was about to participate in such criminal activity was in violation of his state and federal constitutional and statutory rights.

35. Defendants Lukens and Brown at all times acted intentionally to deprive Plaintiff of his rights pursuant to the Colorado and United States Constitutions.

36. Plaintiff John Alpers was humiliated, shocked, embarrassed and injured by the actions of Defendants.

37. Defendants had no reasonable and articulable justification for unlawfully attacking and detaining Plaintiff, or insulting and embarrassing Plaintiff.

38. The law is clearly established and a reasonable officer would have and should have known that the acts of attacking and detaining Plaintiff under the circumstances were unlawful.

39. The law also is clearly established and a reasonable officer would have and should have known that the plaintiff had a right to acquire, possess and use his real and personal property including walking his dog on his real property as he chose and that he has and had a right of privacy.

40. The above acts, omissions and/or decisions of the Defendant Deputy Sheriff Pohl under the direction and supervision of Sgt. Brown, Officer Lukens, the Town of Erie Police Department and the Chief of Police of the Town of Erie were carried out under color of state law within the meaning of 42 U.S.C. 1983, caused Plaintiff's damages and injuries, and have no justification or excuse in law and instead constituted a gross abuse of governmental authority and power. The above acts, omissions and/or decisions were consciously chosen by Defendants from among various alternatives.

41. Though they knew or should have known that these acts, omissions and/or decisions were being carried out by their agents and employees, the Town of Erie and its Chief of Police have taken no steps or efforts to order a halt to this type of conduct, or to make redress to this Plaintiff, and have failed to take adequate disciplinary action against their employees and agents.

42. The decisions of the governmental decision-makers and policy-makers, as described above, and the acts, omissions and/or decisions of the Town of Erie, both separately and in combination with the acts of the Boulder County Sheriff's Office, caused the deprivation of plaintiff's constitutional rights.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Assault)

43. Plaintiff incorporates by reference paragraphs 1- 42 as if fully set forth herein.

44. Plaintiff had a constitutional right to be free from unreasonable physical attacks upon his person and his personal property while acting as a law-abiding citizen upon his own real property.

45. The physical attack by officers and a K-9 Unit upon the Plaintiff's dog and his person was in violation of his federal constitutional rights.

46. Defendants' actions caused Plaintiff injury for which he is entitled to compensatory and punitive damages and attorney fees and costs, including expert witness fees.

### SECOND CLAIM FOR RELIEF
(Unreasonable Seizure)

47. Plaintiff incorporates by reference paragraphs 1 - 46 as if more fully set forth herein.

48. Plaintiff had a constitutional right to be free from unreasonable seizures by Town of Erie law enforcement agents under the Search and Seizure Clause of the Fourth Amendment and under the Fourteenth Amendment to the United States Constitution.

49. The detention and seizure of the Plaintiff without reasonable and articulable suspicion that criminal activity had occurred, was occurring, or was about to occur and that this Plaintiff was in any way culpable for said activity was in violation of federal constitutional rights.

50. Defendants' actions caused Plaintiff injury for which he is entitled to compensatory and punitive damages and attorney fees and costs, including expert witness fees.

### THIRD CLAIM FOR RELIEF
(Equal Protection of the Law)

51. Plaintiff incorporates by reference paragraphs 1 - 50 as if fully set forth herein.

52. Plaintiff has a constitutional right to be free from being detained or otherwise restrained, and from having his person or property handled, touched or searched by law

enforcement agents on account of his age, gender or race. His rights to the equal protection of the laws are based on the Fourteenth Amendment to the United States Constitution.

53. Each of the Defendants Lukens and Brown acted together for the purpose of depriving Plaintiff John H. Alpers, Jr. of equal protection of the laws of the United States and of equal privileges and immunities under the laws.

54. Plaintiff was attacked and seized because the Defendants believed he was Hispanic. The officers who committed these actions had no articulable suspicion that Plaintiff had committed, was committing or was about to commit any crime. The detention and attack of Plaintiff denied him the equal protection of the laws.

## FOURTH CLAIM FOR RELIEF
(False Imprisonment)

55. Plaintiff incorporates by reference paragraphs 1 - 54 as if more fully set forth herein.

56. The actions of Pohl and her K-9 Unit under the direction and at the instance of Defendants Lukens and Brown did restrict Plaintiff's freedom of movement and Plaintiff was aware of said restriction. The restriction of movement imposed by Defendants was done despite the protests of Plaintiff and without any probable cause to believe that said restriction was for the purpose of investigating a crime which had been, was being or was about to be committed by Plaintiff. The actions of Defendants Lukens and Brown were wilfful and wanton and constituted false imprisonment.

57. Defendants' actions caused Plaintiff injury for which he is entitled to compensatory damages, fees and costs, including expert witness fees.

## FIFTH CLAIM FOR RELIEF
(Violations of State Constitution)

58. Plaintiff incorporates by reference paragraph 1 - 57 as if set forth more fully herein.

59. The actions of Pohl, and Defendants Lukens and Brown violated Plaintiff's rights under Article II, § 6 of the Colorado Constitution providing equality of justice, Article II, § 3 of the Colorado Constitution providing that Plaintiff has a right to liberty and safety and Article II, § 7 of the Colorado Constitution providing that Plaintiff has a right to be free from unreasonable search and seizure.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A. For compensatory and punitive damages against all Defendants pursuant to 42 U.S.C. 1981, 1982, 1983, and 1985;

B. For compensatory damages against Defendants Lukens and Brown pursuant to the Colorado Constitution, Article II, § 3, 6 and 7;

C. For compensatory damages pursuant to the common law of the State of Colorado for assault and false imprisonment against Defendants Lukens and Brown;

D. For costs, expert witness fees and attorney fees;

E. For interest from the date this cause of action arose, for interest from the date of filing and for post-judgment interest;

F. For such other and further relief as the Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

## VERIFICATION

I, John H. Alpers, Jr., state that I have read the foregoing Complaint and I swear that the statements contained therein are true and correct to the best of my knowledge and belief.

s/ John H. Alpers, Jr.

STATE OF COLORADO   )
                    ) ss:
COUNTY OF BOULDER   )

Subscribed and sworn to before me on the 12th day of May, 2010, by John H. Alpers, Jr.

Witness my hand and official seal.
My commission expires: 7/22/13

s/ Michelle R. Soule

Dated this 12 day of May, 2010.

Respectfully Submitted,
Hurth, Sisk & Blakemore, LLP

s/ W. Harold Flowers, Jr.    #4802
Hurth, Sisk & Blakemore, LLP
4860 Riverbend Road
Boulder, CO 80301
Telephone: (303) 443-7900
FAX: (303) 443-8733
Email: Flowers@hurth.com
Attorney for Plaintiff John H. Alpers, Jr.

12